LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 OCT 31 PM 2: 01

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TELEGUAM HOLDINGS LLC AND ITS WHOLLY OWNED SUBSIDIARIES, <br><br> Plaintiff, <br><br> vs. <br><br> TERRITORY OF GUAM; DEPARTMENT OF ADMINISTRATION, GENERAL SERVICES AGENCY; THE OFFICE OF PUBLIC ACCOUNTABILITY; PACIFIC DATA SYSTEMS, INC., <br><br> Defendants. | CIVIL CASE NO. CV333-13 <br><br><br> FINDINGS OF FACT AND CONCLUSIONS OF LAW (Bench Trial) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on June 20, 2013, for a bench trial. Attorneys Elyze M. Iriarte and Vincent C. Camacho represented TeleGuam Holdings LLC, and its wholly owned subsidiaries ("Plaintiff"). Attorney Charles H. McDonald II represented Pacific Data Systems ("Defendant PDS"). Attorney Fred S. Nishihira represented the Government of Guam ("Defendant GovGuam"). The Court took the matter under advisement after the parties presented their case. Upon review of the evidence, oral and written arguments, and legal authorities presented by the parties, the Court hereby issues its Findings of Fact and Conclusions of Law.

///

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 1 of 9
Findings of Fact and Conclusions of Law—Bench Trial

ORIGINAL

# FINDINGS OF FACT

By preponderance of the evidence, the Court makes the following findings of fact:

## PROCEDURAL HISTORY

1. On March 20, 2013, Plaintiff filed a Verified Complaint in the Superior Court of Guam appealing the Public Auditor (OPA) Decision (OPA-PA-12-016) issued on March 6, 2013.

2. Plaintiff appealed the Public Auditor's Decision, claiming that OPA erred by not finding that Plaintiff's Cisco SPA508G was the next lowest priced pone at $3.52. (Pl's. Complaint at 7 ¶ 33).

3. On April 25, 2013, Plaintiff filed an *Ex Parte* Motion for Temporary Restraining Order and Request for a Hearing on Preliminary Injunction.

4. On May 3, 2013, the Court issued an Order granting Plaintiff's motion for a temporary restraining order and requiring Plaintiff to post a bond for the amount of $44,661.00.

5. On May 14, 2013, a further proceeding was held. The Government of Guam requested that pursuant to Rule 65 of the Guam Rules of Civil Procedure, a trial on the merits be advanced and consolidated with the application for a preliminary injunction. A merit hearing was set for June 20 and 27, 2013.

6. On June 20, 2013, evidentiary hearing was conducted.

## FINDINGS

1. On June 22, 2011, General Services Agency ("GSA") issued IFB No. GSA-064-11 for various types of telecommunications products and services. These products and services procured under the IFB would be available to all Government of Guam

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 2 of 9
Findings of Fact and Conclusions of Law—Bench Trial

("GovGuam") line agencies and autonomous agencies for a period of five years subject to the availability of funds.

2. Ed Cruz testified that the intent of the IFB was to procure a consolidated, centralized telecommunications bid for services to GovGuam, with consideration given to economies of scale, and standardizing telecommunications services and equipment for GovGuam.

3. On September 16, 2011, GSA issued a Response to Questions Lodged by Prospective Bidders Amendment No. 4, and Bid Forms 0 through 15 were replaced by Revised Bid Forms (RBF) 1 through 15.

4. On September 17, 2011, GSA issued another Response to Questions Lodged by Prospective Bidders. At Section 2a, the clarifications made clear that:

BID FORM-The Bid Form in Excel can be picked up at GSA.
For Bid Forms 0, 1, 4, and 7, the Bidders may use the Bid
Form as the Point-by-Point Response. The bidder (sic) are
reminded and shall read all of the requirements in the
[E]xcel spreadsheet carefully before responding. The Bid
Forms are in addition to any Bid specification provided for
in Amendment No.: 4 to this IFB. All Bid Forms were
replaced and labeled RBF 0 through RBF 15 (Refer to
Amendment No. 4 item #34).

5. RBF 1, #26 provided: "Feature Phone-The Centrex service must operate in tandem with Feature Phones bid in Bid Form 3."

6. RBF 1, #27 provided: "Caller ID-The Bidder shall provide Caller ID (name and number) on all display phones."

7. In its response to RBF 1, Plaintiff indicated that it acknowledged and complied with RBF 1, #26 and #27. Plaintiff's response to RBF 1 was not accurate as it did not comply with #26 and #27.

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 3 of 9
Findings of Fact and Conclusions of Law—Bench Trial

8. RBF 3 required Bidders to identify their phones and phone features, including digital display phones in three of the six categories.

9. In its response to RBF 3, Plaintiff identified model Cisco SPA501G as a phone described as "up to 8 line with Digital Display, HandsFree—see data sheet," with a Monthly Lease to Purchase Price of $3.52 and a Purchase Price of $116.64. Plaintiff also identified model Cisco SPA504G as a phone described as "4 line with digital display, Hands Free telephone – see data sheet" with a Monthly Lease to Purchase Price of $4.93 and a Purchase Price of $163.30. Plaintiff also identified model Cisco SPA508G as a phone described as "up to 8 line with Digital Display, Handsfree – see data sheet," with a Monthly Lease to Purchase Price of $5.87 and a Purchase Price of $194.40.

10. Ed Cruz testified that on February 14, 2012, GSA held a Clarification Meeting with Plaintiff that included discussions regarding RBF 3. During the meeting, Plaintiff did not disclose that the Cisco SPA501G did not have a digital display, nor did Plaintiff withdraw the SPA501G from RBF 3, or offer another model with digital display as a substitute.

11. Ed Cruz and Anita Cruz testified that on February 23, 2012, GSA requested that Plaintiff clarify its Bid Form responses, including Plaintiff's responses to RBF 3.

12. Ed Cruz, Anita Cruz and Jennifer Sgambelluri testified that on March 1, 2012, Plaintiff provided clarifications to its responses to the revised bid forms, including its responses to RBF 3. Plaintiff clarified at page 2, item 2, that "GTA Line Item 2 (Cisco SPA501G) is a 8 line phone that responds to GSA Bid From 3 Line Items 2, 3, and 4 (Single, 4 and 6 line Digital with Digital Display, Hands-Free, Hold, Speaker

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 4 of 9
Findings of Fact and Conclusions of Law—Bench Trial

Phone, Programmable Feature Keys and Wireless Headset Option). Additional features are described in the data sheet provided in the bid." *See* Defendant PDS Exhibit 8. As a result, Plaintiff misrepresented the specifications of the Cisco SPA501G.

13. The data sheet for Cisco SPA501G did not identify a digital display and caller ID as features of the phone. The data sheet included an image of the phone which appeared to have a digital display.

14. When the actual Cisco SPA501G phone is examined, it is clear that it does not have a digital display. *See* Defendant PDS Exhibit 10.

15. Jennifer Sgambelluri admitted that Plaintiff made a mistake when it responded to RBF 3 with the Cisco SPA501G because that phone did not include a digital display capable of supporting the caller ID (name and number) service.

16. On April 20, 2012, Plaintiff sent a letter, signed by Jennifer Sgambelluri, to GSA in response to GSA's request for clarification. Ms. Sgambelluri testified that the letter set the monthly lease to purchase price for the Cisco SPA508G described as "Up to 8 line with Digital Display, Hands-Free" at $3.52. Plaintiff's position is not supported by the language of the letter because the letter did not reference the Cisco SPA508G, nor is its position supported by its response to RBF 3 because the response clearly stated that the monthly lease to purchase price of the Cisco SPA508G is $5.87. Both Anita Cruz and Ed Cruz testified that they understood the letter to refer to only the SPA501G because that was the only model priced at $3.52 on Plaintiff's RBF 3. *See* Defendant PDS Exhibit 5.

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 5 of 9
Findings of Fact and Conclusions of Law—Bench Trial

17. Ed Cruz testified that GSA relied upon the information and clarifications provided by GTA in determining that the Cisco SPA501G was the lowest priced phone compliant with the IFB specifications.

18. Based upon this reliance, Anita Cruz testified that GSA recommended that RBF 2 and 3 of the IFB be awarded to Plaintiff and this was the basis of the Bid Status issued by GSA on April 27, 2012.

19. On April 30, 2012, Defendant PDS filed a Protest of the GSA award decision raising the issue that the Cisco SPA501G did not comply with the bid specifications because it did not have a digital display capable of supporting the caller ID (name and number) service feature.

20. As a result of the protest, Ed Cruz testified that he did further research and learned that the Cisco SPA501G phone did not have a digital display to support the caller ID feature as required by the IFB specifications.

21. Plaintiff models Cisco SPA504G and Cisco SPA508G had digital displays capable of supporting caller ID and was compliant with the IFB requirements, however, these models were not the lowest priced phone.

22. Ed Cruz and Anita Cruz testified that upon discovery of the mistake, they re-evaluated the bid and determined that Defendant PDS' bid was compliant and was the low bid. John Day testified to the same. *See* Defendant PDS Exhibit 12 and 13.

23. On May 3, 2012, GSA issued Revised Bid Status recommending RBF 2 and 3 of the IFB be awarded to Defendant PDS.

24. On May 18, 2012, Plaintiff filed a Protest on the Revised Bid Status.

25. On October 5, 2012, GSA denied the Protest.

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 6 of 9
Findings of Fact and Conclusions of Law—Bench Trial

26. On October 8, 2012, Plaintiff appealed GSA's denial of its protest to the OPA.

27. On March 6, 2013, the OPA issued its Decision upholding GSA's award of RBF 2 and 3 to Defendant PDS.

28. GSA re-evaluated the bid with the Cisco SPA504G as it was the next lowest priced phone and in essence allowed Plaintiff to substitute the non-compliant Cisco SPA501G with the compliant Cisco SPA504G. However, as noted above, when the bid was re-evaluated, Plaintiff was no longer the lowest bidder.

29. During the trial, Plaintiff argued that it should have been able to change the monthly lease to purchase price of the Cisco SPA508G from $5.87 to $3.52. GSA did not allow this price substitution because it is contrary to Guam procurement law. Plaintiff did not explicitly state in any communication with GSA prior to bid opening that it would change the price of the Cisco SPA508G. Additionally, Plaintiff never withdrew the price of the Cisco SPA508G as listed in RBF 3.

30. During the trial, Plaintiff argued that because Defendant PDS was allowed to substitute one of its phones with another phone, award by GSA, Plaintiff should also be allowed to substitute the non-compliant phone with a compliant phone.

31. GSA testified that the rules and regulations allow GSA to recognize changes to a bid that are a minor informality but any change to a bid price is strictly prohibited.

32. John Day testified that PDS was allowed by GSA to substitute the GXP1405 for the GXP285 because the GXP285 had been discontinued by the manufacturer between bid submission and award. John Day testified that the GXP1405 is equal to or better than the GXP285. John Day also testified that the substitution did not change the price of the phone. Plaintiff's analogy is not appropriate since Plaintiff sought to

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 7 of 9
Findings of Fact and Conclusions of Law—Bench Trial

change the pricing in its bid after bid opening, which would have been prejudicial to Defendant PDS. On the other hand, Defendant PDS out of necessity substituted a phone of equal or better quality with no change in price and no prejudice to any other bidder.

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over this action pursuant to 5 GCA § 5480(a).

2. Bids are awarded to the lowest responsive and responsible bidder. *See* 5 GCA §5211(g).

3. Plaintiff's attempt to change its bid after opening by lowering the monthly price of the Cisco SPA508G from $5.87 to $3.52 is illegal as it violates 2 GAR § 3109(m)(4)(B) and (C). The requested change in price was not negligible and cannot be justified as a minor informality. In addition, Plaintiff's mistake was not evident on the face of the bid.

4. Plaintiff failed to sustain its burden of proof to prove that the OPA's Decision was arbitrary, capricious, fraudulent, clearly erroneous or contrary to law. There Public Auditor's Decision is therefore conclusive. *See* 5 GCA § 5704. Furthermore, Plaintiff's request for a permanent injunction is denied, as they have failed to prove a substantial likelihood of success on merits of the case, because Plaintiff was unaware of the total cost of the contract there was no showing that irreparable damage would occur as a result of the Government of Guam proceeding with purchase order issued. Accordingly, it is in the public interest to save limited general funds by reinstating the purchase orders.

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 8 of 9
Findings of Fact and Conclusions of Law—Bench Trial

5. All parties have had full opportunity to present their entire case, and pursuant to the Court's discretion under Guam Rules of Civil Procedure 65(a)(2), this Decision and Order is a final determination of the case on the merits. The Court hereby dismisses Plaintiff's Complaint with prejudice and sustains the decision of the OPA in this matter.

**SO ORDERED** this 31st day of OCTOBER, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 3 1 2013

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam

TELEGUAM HOLDINGS v. TERRITORY OF GUAM, et al.
Page 9 of 9
Findings of Fact and Conclusions of Law—Bench Trial